UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

**09-CV-20224-Moore-Simonton**

RAFFAELLA CORDOVA,

     Plaintiff,

v.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC., AND
RJM ACQUISITIONS, LLC,

     Defendants.

_____/

FILED by *VT* D.C.
ELECTRONIC

**Jan. 27, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., placed telephone calls into this District on behalf of Defendant, RJM ACQUISITIONS, LLC.

## PARTIES

3.     Plaintiff, RAFFAELLA CORDOVA, is a natural person who resides in Miami-Dade County, Florida.

4.     Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., ("ACCOUNTS RECEIVABLE") is believed to be a corporation its principal place of business at 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086.

5.     Defendant, RJM ACQUISITIONS, LLC, ("RJM") is believed to be a limited liability company with its principal place of business at Suite 224, 575 Underhill Boulevard, Syosett, New York 11791.

## FACTUAL ALLEGATIONS

6.     Defendants sought to collect from Plaintiff an alleged debt arising from banking fees related to Plaintiff's bank account at Wachovia Bank, NA, used primarily for personal, family and household purposes.

7.     After the alleged debt went into default, Wachovia Bank, NA, transferred the alleged debt to RJM or some other holder.

8.     Defendant, RJM, acquired the alleged debt from either Wachovia Bank, NA, or a subsequent holder.

9.     Defendant, RJM, assigned the debt for collection to other debt collectors including but not limited to, Defendant, ACCOUNTS RECEIVABLE, who in turn sought to collect the alleged debt from Plaintiff.

2

10.   Defendant, ACCOUNTS RECEIVABLE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11.   Defendant, RJM, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

12.   Defendant, ACCOUNTS RECEIVABLE, regularly collects or attempts to collect debts for other parties.

13.   Defendant, ACCOUNTS RECEIVABLE, is a "debt collector" as defined in the FDCPA.

14.   Defendant, RJM, is a "debt collector" as defined in the FDCPA.

15.   At all times material to the allegations of this complaint, Defendant, ACCOUNTS RECEIVABLE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16.   At all times material to the allegations of this complaint, Defendant, RJM, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17.   Defendant, RJM, authorized other debt collectors including but not limited to Defendant, ACCOUNTS RECEIVABLE, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

3

18.     Other debt collectors including but not limited to Defendant, ACCOUNTS RECEIVABLE, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of RJM.

19.     By virtue of its status as a debt collector, RJM, is vicariously liable to Plaintiff for ACCOUNTS RECEIVABLE'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

20.     Defendant, ACCOUNTS RECEIVABLE, transmitted the following telephone message to Plaintiff on or about the date stated:

> February 8, 2008
> This message is for Raffaella Cordova or Ariel Ortega. My name is Maria. I am calling from Accounts Receivable Management in regards to reference number 10926030. This call is very important, so as soon as you receive this message you need to contact me at 1-800-220-3350, extension 6882. I will be in the office today until 7 PM Eastern time. Thank you.

21.     Defendant, ACCOUNTS RECEIVABLE, left similar or identical messages for Plaintiff on other occasions within one-year of the filing of this complaint. (Collectively, "the telephone messages").

22.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

4

23. Defendant, ACCOUNTS RECEIVABLE, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

24. Defendant, ACCOUNTS RECEIVABLE, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

25. Plaintiff incorporates Paragraphs 1 through 24.

26. Defendant, ACCOUNTS RECEIVABLE, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

5

27.     Plaintiff incorporates Paragraphs 1 through 24.

28.     Defendant, ACCOUNTS RECEIVABLE, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.     Plaintiff incorporates Paragraphs 1 through 24.

30.     Defendant, ACCOUNTS RECEIVABLE, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, when ACCOUNTS

6

RECEIVABLE, knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.    Plaintiff incorporates Paragraphs 1 through 24.

32.    By failing to disclose that it is a debt collector and the purpose of its communication, Defendant, ACCOUNTS RECEIVABLE, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY AND INJUNCTIVE RELIEF

7

33.    Plaintiff incorporates Paragraphs 1 through 24.

34.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

35.    Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant's practices violate the FCCPA.

36.    Pursuant to the FCCPA, Plaintiff seeks an injunction prohibiting Defendants from further violation of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

      a.    permanently injoining Defendants from engaging in the violative practices;

      b.    declaring that Defendant's practices violate the FCCPA; and

      b.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this _26_ day of January, 2009.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Raffaella Cordova

**DEFENDANTS**

Accounts Receivable Management, Inc. and RJM Acquisitions, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) DADE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

1:09CV20224-Moore-Simonton

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 1-2 days estimated (for both sides) to try entire case 15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 No   DEMAND $ N/A

☐ Check YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: January 20, 2009   SIGNATURE OF ATTORNEY OF RECORD

---

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 545312   Amount: _____
Date Paid: _____   M/ifp: _____